■ ISRAEL WEINSTOCK, Appellant, v ESTHER WEINSTOCK, Respondent. [672 NYS2d 772] —In an matrimonial action in which the parties were divorced by a judgment dated April 20, 1995, the plaintiff former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated June 23, 1997, as awarded the defendant former wife attorney's fees.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in awarding the defendant former wife attorney's fees, as reasonable inferences drawn from the record support a finding that the plaintiff, an attorney representing himself *pro se,* made a motion to vacate a prior order primarily to harass and maliciously injure her (*see,* 22 NYCRR 130-1.1 [c] [2]).

The plaintiff's remaining contention is without merit (*see,* CPLR 2214 [c]; *Matter of Gordon v Marrone,* 202 AD2d 104, 110). Bracken, J. P., Copertino, Pizzuto and Altman, JJ., concur.

■ MIRZA ZELAYA et al., Respondents, v MANUEL REINOSO et al., Defendants, and CLIFFORD M. SONCINI et al., Appellants. [672 NYS2d 758] —In an action to recover damages for personal injuries, etc., the defendants Clifford M. Soncini and Long Island Yellow Transportation Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), dated May 27, 1997, as (1) granted that branch of the plaintiffs' motion which was for summary judgment against them, and (2) granted the cross motion of the defendants Clifford M. Soncini and Long Island Yellow Transportation Corp. for, in effect, reargument of the plaintiffs' motion, *inter alia,* to strike the answer of Clifford M. Soncini, and, upon reargument, adhered to the original determination.

Ordered that the order is affirmed insofar as appealed from, with costs.

Since the appellants failed to show an adequate basis to support the cross motion, which was, in effect, for reargument, the court properly adhered to its prior determination (*see,* CPLR 2221). Furthermore, since the appellants failed to raise a triable issue of fact in opposition to the evidence presented in support of the plaintiffs' motion for summary judgment, the court properly granted summary judgment to the plaintiffs. Ritter, J. P., Goldstein, McGinity and Luciano, JJ., concur.